No. 13,253.

Roe *v.* Stanley Fruit Company.

(19 P. [2d] 755)

Decided February 14, 1933.   Rehearing denied March 13, 1933.

Mr. FRENCH L. TAYLOR, for plaintiff in error.

Mr. ROY A. PAYTON, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THE Stanley Fruit Company, an Arizona corporation, sued Roe for specific performance and to procure an injunction. Plaintiff obtained an ex parte temporary restraining order, upon the issuance of which it gave a so-called emergency bond or undertaking, and also a bond on injunction. Upon final hearing, the restraining order was dissolved, and Roe moved for summary judgment on the emergency bond, which the court refused. He assigns error and asks for a supersedeas; no cross errors are assigned. The only question is whether the court erred in denying Roe's motion. We refer to the parties as aligned at the trial.

The fruit company alleged that it had contracted with Roe for the sale and delivery of honeydew melons in a field in Pueblo county, but that the defendant had sold or would sell them to others. The restraining order was to prevent Roe from delivering the product to anyone but the fruit company, and to compel him to deliver it to the latter until the further order of court. From a practical standpoint the writ was ineffectual, for it developed that Roe had disposed of most of the melons to a third party in advance of the suit, and did not deliver the remaining part or any thereof to the fruit company.

Roe's answer consisted of a general denial and a plea that the contract was within the statute of frauds, under the fourth subdivision of section 5111, C. L. 1921. Upon final hearing, when plaintiff rested, Roe moved for a dissolution of the temporary restraining order and for judgment on the emergency bond on two grounds: First, the

statute of frauds, and second, that according to the evidence, plaintiff knew at the time the suit was brought and when the restraining order was obtained, that the property had been placed beyond the control of defendant by having been sold and put in possession of a third party. Upon one or the other of these grounds, the temporary restraining order was dissolved and the action dismissed at plaintiff's costs, but defendant's motion for judgment on the emergency bond was denied.

We are not here concerned with the merits of the original action, or the statute of frauds, as Roe is of course satisfied with the dismissal of the suit, and the fruit company does not ask to have that matter reviewed. Our discussion relates solely to the question upon which error is assigned, the failure of the court to direct judgment in Roe's favor on the so-called emergency bond. Omitting the introductory clause, its obligations are as follows: "Now, Therefore, the undersigned surety company, in consideration of the premises, and in consideration of the payment of the agreed premium, and of the issuing of said restraining order, does undertake in the sum of Three Hundred Dollars ($300.00) and promise to the effect, that, in case said restraining order shall issue, the said plaintiff will pay to the defendant such costs and damages as shall be awarded against the complainant in the event the said restraining order shall be found to have issued without an emergency therefor existing, or that it shall be found that the plaintiff created or connived at the creation, by neglect or otherwise, of the said emergency; and in the event the said injunction shall be modified or dissolved in whole or in part."

This case is settled by our decision in *Axelson v. Columbine Laundry Co.*, 81 Colo. 254, 254 Pac. 990, where the question is fully discussed and former cases are reviewed. The bond in the instant case did not fulfill the requirements of section 165 of the Code. The emergency undertaking as required by that section upon an ex parte application for a restraining order, is to be "conditioned

270

for the payment *of the sum therein mentioned* to the defendant if it shall be adjudged that such emergency did not exist or that plaintiff created, or connived at its creation, by neglect or otherwise; * * *" In contrast, the bond executed by the plaintiff was only for the payment of "such *costs and damages* as shall be awarded against the complainant," under specified conditions. (The above italics are ours.) It is manifest that the statutory undertaking is penal in character, but that the bond given by plaintiff is a contract of indemnity.

Since Roe seems to have failed to comply with the restraining order, he was not injured by its issuance. No damages could be awarded on the bond that was given, because none were proven. No question of costs is involved on this review; the district court assessed them against plaintiff, and defendant makes no point that the judgment for this small item did not also go against the surety company. Defendant is interested in a larger question, that of a recovery against plaintiff in the full amount of the bond as a penal obligation, notwithstanding there was nothing of that kind contracted. There is no basis for such a claim.

The question as to whether Roe might have applied in apt time for an order on the fruit company to execute an emergency bond as required by the Code is not before us. He cannot, however, have judgment on the undertaking beyond its terms, for in effect it would be a judgment on an instrument that has no existence.

Judgment affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.